UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

PATRIA P. GARDE-HILL,

          Plaintiff,         Civil No. 15-8865 (NLH/JS)

v.

                                        OPINION

CADBURY AT CHERRY HILL INC.,
et al.,

          Defendants.

_____

**APPEARANCES:**

Patria P. Garde-Hill
1017 Rymill Run
Cherry Hill, NJ 08003
    *Pro Se Plaintiff*

Renee Nunley Smith
Louis L. Chodoff
Ballard Spahr LLO
210 Lake Drive East
Suite 200
Cherry Hill, NJ 08002
    *Attorneys for Defendants*

**HILLMAN, District Judge**

    Presently before the Court is a motion to dismiss filed by the individual defendants in this case, Megan Nessell, Tammi Miloszar and Brian Klocke.  This motion is unopposed.  For the reasons that follow, the motion [Doc. No. 4] will be granted.

    I.    JURISDICTION

    Alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., implicate federal question jurisdiction and, therefore, this matter is properly before the

1

Court pursuant to 28 U.S.C. § 1331.

## II.   BACKGROUND

Plaintiff alleges that while working for Cadbury, a continuing care retirement community, she was discriminated against because of her age and terminated on October 17, 2014 in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 et seq.

Plaintiff recounts various events spanning the scope of three years which she alleges demonstrates that she was unfairly disciplined.  Plaintiff first alleges she was disciplined for being unavailable to the staff while she was helping a resident with suicidal ideations on March 27, 2011.  (Compl. at 8.)  She alleges that on April 8, 2011, an administrator attempted to have Plaintiff remove the title "Dr." from her nametag to avoid confusion, even though Plaintiff obtained a doctorate degree in education.  (Compl. at 8-9.)  She alleges that on March 7, 2014, she was suspended for three days for failing to report alleged abuse from a family member to a resident. (Compl. at 3.)  Plaintiff alleges that on October 4, 2014, she was disciplined for attending to a fallen resident during which time she was called to assist a visitor who wanted to make a claim for abuse.  (Id.)  She alleges the October 4, 2014 matter was investigated on October 14, 2014 and she was terminated three days later.  (Id.)

2

Plaintiff alleges she began to experience harassment and discrimination in 2011 and sent a formal complaint to Defendant Megan Nessell on April 24, 2011.  (Compl. at 7.)  The formal complaint cited an event which allegedly occurred on February 17, 2011, where she was asked by the Director and Assistant Director of Nursing when she was retiring and it was suggested that Plaintiff reduce her hours.  (Id.)

### III. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  The Third Circuit has

instructed district courts to conduct a two-part analysis in deciding a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

    First, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S. Ct. at 1949).  Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' - 'that the pleader is entitled to relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1949); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting Twombly, 550 U.S. at 556).

A court need not credit "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant has the burden of demonstrating that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV.  DISCUSSION**

Plaintiff alleges unlawful discrimination by her employer, Cadbury, and three individuals, Megan Nessell, Tammi Miloszar and Brian Klocke.  The individual defendants argue that Plaintiff cannot maintain a cause of action against them because there is no individual liability under the ADEA.

The individual defendants are correct that there is no individual liability under the ADEA.  Hill v. Borough of Kutztown, 455 F.3d 225, 246 n.29 (3d Cir. 2006); Rodrock v. Moury, 379 F. App'x 164, 166 (3d Cir. 2010); Parikh v. UPS, 491 F. App'x 303, 308 (3d Cir. 2012) ("Neither Title VII nor the ADEA provides for individual liability.").  Accordingly, the claims against these individual defendants must be dismissed.

**V. CONCLUSION**

For the reasons expressed above, the individual defendants' motion to dismiss will be granted. An appropriate Order will be entered.

Dated: July 14, 2016                         __s/ Noel L. Hillman_____
                                             NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey