```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
   ─────────────────────────────────

   PATRIA P. GARDE-HILL,              No. 1:15-cv-8865 (NLH/JS)

              Plaintiff,              **OPINION**

         v.

   CADBURY AT CHERRY HILL, INC.,
   BRIAN KLOCKE, TAMMI MILOSZAR,
   and MEGAN NESSELL,

              Defendants.
   ─────────────────────────────────
```

**APPEARANCES**:

WILLIAM B. HILDEBRAND
LAW OFFICES OF WILLIAM B. HILDEBRAND, LLC
36 TANNER STREET
SUITE 110
HADDONFIELD, NJ 08033
     On behalf of Plaintiff

LOUIS L. CHODOFF
RENEE NUNLEY SMITH
BALLARD SPAHR LLP
210 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002
     On behalf of Defendant

**HILLMAN, District Judge**

     Defendant Cadbury at Cherry Hill, Inc.[1] asks this Court to enforce a Settlement Agreement with Plaintiff Patria Garde-Hill in this employment discrimination matter. For the reasons that follow, the Court will grant Defendant's motion.

---

[1] The other defendants in this case were dismissed by the Court by way of a July 14, 2016 Order.

**I.**

While not directly relevant to deciding the present motion, the Court will briefly set for the facts and procedural history of the underlying case. Plaintiff alleged that while working for Cadbury, a continuing care retirement community, she was discriminated against because of her age and terminated on October 17, 2014 in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

Plaintiff filed her Complaint pro se[2] on December 28, 2015.[3] Throughout 2016 and 2017, the parties engaged in settlement negotiations, including settlement conferences before the Magistrate Judge assigned to this matter. Following an August 24, 2017 Settlement Conference, that same judge ordered Defendant to file a motion to enforce settlement. Defendant filed its motion on October 13, 2017.

**II.**

"Courts treat a motion to enforce settlement under the same standard as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement." Coleman Enters. Co. v. Scottsdale Ins. Co., No. 14-7533, 2017 U.S. Dist. LEXIS

---

[2] Plaintiff is now represented by counsel.

[3] This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

50078, at *9 (D.N.J. Mar. 31, 2017) (citing Washington v. Klem, 388 F. App'x 84, 85 (3d Cir. 2010)).

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment

3

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); see Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (citing Celotex, 477 U.S. at 325)).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s].'" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). For "the non-moving party[] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418

F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 257.

"[T]he party seeking to enforce the settlement agreement[] has the burden of proving the existence of the agreement under contract law." United States v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997).

### III.

"A settlement agreement is a binding contract that courts will not vacate absent compelling circumstances. But like any contract, it is only 'enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms.'" Martin v. Hoveround Corp., No. 10-3970, 2011 U.S. Dist. LEXIS 18800, at *5-6 (D.N.J. Feb. 24, 2011) (citation omitted) (first citing Nolan v. Lee Ho, 577 A.2d 143, 146 (N.J. 1990); and then quoting Lightman, 988 F. Supp. at 458). "New Jersey law specifies that parties may orally, by informal memorandum, or both, agree upon all essential terms of a contract and effectively bind themselves thereon, if that is their intention, even though they contemplate the later execution of a formal document to memorialize their undertaking." Lightman, 988 F. Supp. at 458, 459 (stating that,

5

by the same token, "[w]here the parties do not agree on one or more essential terms, however, courts generally hold that the agreement is unenforceable" (citing <u>Weichert Co. Realtors v. Ryan</u>, 608 A.2d 280 (N.J. 1992))).

In an e-mail, Defendant's counsel asked Plaintiff's counsel: "Based on our conversation of yesterday, can I assume that the case is now settled for that amount." Plaintiff's counsel responded on December 14, 2016, stating: "Sure." Defendant's counsel responded that day stating: "Great, I will draft a settlement agreement and general release (which will include the usual provisions, including non-admissions, confidentiality, non-disparagement, no re-hire, etc.)."

Defendant's counsel provided a draft settlement agreement by way of e-mail on January 4, 2017. Defendant's counsel asked for a status update on the agreement on January 17, 2017. Defendant's counsel again asked for an update on January 26, 2017 and again on February 2, 2017, to which Plaintiff's counsel responded he was to meet with Plaintiff on February 13, 2017.

Defendant's counsel asked for an update on March 22, 2017, to which Plaintiff's counsel replied: "Ms. Garde-Hill would like the 'with prejudice' language deleted from the third 'WHEREAS' clause on the first page (I believe the Order says these claims were dismissed, but not 'with prejudice'). She also wants the 'and other benefits' language deleted from paragraph 1."

Defendant's counsel's Certification states Defendants conceded to these two changes.

On April 27, 2017, Defendant's counsel again inquired on the status of the settlement agreement. On May 5, 2017, Plaintiff's counsel advised:

> I spoke to her recently. She wants the non-disparagement/non-retaliation clauses to be mutual, which I guess is a good idea. She objects to the language acknowledging she has been paid everything she is due, claiming she is still owed some money but I can't see why this wouldn't be covered by the general release language and/or the entire controversy doctrine. Is there any way to "dumb down" the release? Make it short form rather than long form? . . . .
>
> . . . .
>
> I think the simpler we make this, the better chance we have of her signing it.

Defendant's counsel responded: "Without prejudice to my position that we already have an enforceable agreement, I will only make these two changes (mutual non-disparagement clause and removal of the 'paid all she is owed' language[)], if you give me your assurance she will sign it. If not, I am going to notify the court that we will be filing a motion to enforce the settlement agreement."

On May 30, 2017, Plaintiff's counsel advised: "She will sign the release with the proposed changes, but wants the discipline expunged and a statement that she remains 'in good standing with the community.'" Defendant's counsel responded:

7

"We don't own the facility any longer. We can't expunge anything from her file."

Plaintiff admits in her brief that "the parties entered into a valid and binding settlement agreement as to the <u>amount</u> Plaintiff would accept to settle this case." Plaintiff's counsel's Certification further provides that he "understood that, as a condition of the settlement, defense counsel would require [Plaintiff] to sign a settlement agreement and release." Plaintiff argues, however, that "negotiations broke down when the parties were unable to agree on language in the written document memorializing the terms of the agreement."

The Court finds <u>Triffin v. Sunrise Banks</u>, No. 3445-14, 2017 N.J. Super. Unpub. LEXIS 902 (N.J. Super. Ct. App. Div. Apr. 12, 2017) instructive. There, the Appellate Division found:

> [A] chain of emails and [Plaintiff]'s own representations to the court provide compelling evidence that the parties reached an enforceable settlement, with the understanding that the precise language of the settlement documents had to be finalized. The essential terms of the settlement agreement – that [Plaintiff] would dismiss his claims against defendants in exchange for $6,000 – were agreed to on January 8, 2015. The parties never wavered as to those essential terms.
> The unresolved terms, such as the precise language of the release, were just "the mechanics" which could be "'fleshed out' in a writing to be thereafter executed" and do not render the settlement agreement unenforceable. . . . Rather than presenting substantive objections to material terms, [Plaintiff]'s objections reflect an obstinacy to accept terms that are standard in settlement agreements, such as the indemnification language and the description of the scope of the release.

8

Id. at *11-12; see also Mid-Monmouth Realty Assocs. v. Metallurgical Indus., Inc., No. 0503-14, 2016 N.J. Super. Unpub. LEXIS 2475, at *10 (N.J. Super. Ct. App. Div. Nov. 16, 2016) (finding a "payment of $25,000 in exchange for a release of all claims" to be the "essential terms," which resulted in "an enforceable contract" at that time).

The Court finds there is an enforceable settlement agreement between the parties in this case. There appears to be no disagreement that a monetary amount was agreed on to resolve this case and release the claims against Defendant.[4] Like in Triffin, that there were unresolved terms as to the mechanics of the settlement agreement does not prevent this Court from finding and enforcing an agreement between the parties on such essential terms. The Court finds there was an agreement as to the essential terms and for that reason the Court will enforce the settlement agreement. The Court will grant Defendant's Motion to Enforce Settlement Agreement in the form agreed to as of May 30, 2017.[5]

---

[4] The Court reaches this conclusion even in light of the apparent demand for additional money at the last settlement conference. The Court finds the monetary amount was agreed upon prior to that apparent request and, in any event, Plaintiff does not appear to be arguing for additional money now.

[5] Thus, the final agreement should include all of Plaintiff's requested changes, memorialized in the e-mail exchanges between the parties, except a statement that Plaintiff remains in good standing in the community and the expungement of her

**IV.**

Defendant asks for sanctions against Plaintiff. Defendant argues "Plaintiff's conduct in refusing to sign an agreement memorializing the settlement to which she agreed is an abuse of the judicial process." Defendant asks for reasonable attorneys' fees and costs incurred in preparing this motion.

The Court will deny Defendant's request for sanctions. "[A] district court has <u>inherent</u> authority to impose sanctions upon those who would abuse the judicial process." <u>Republic of the Philippines v. Westinghouse Elec. Corp.</u>, 43 F.3d 65, 73 (3d Cir. 1994) (citing <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991)). However, these "inherent powers must be exercised with restraint and discretion." <u>Id.</u> at 74 (quoting <u>Chambers</u>, 501 U.S. 32). "Thus, a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified." <u>Id.</u>

Like the Court in <u>North American Lacrosse League LLC v. Jennings</u>, No. 12-167, 2012 WL 5405523 (D.N.J. Oct. 12, 2012), <u>adopted by</u> 2012 WL 5405243 (D.N.J. Nov. 5, 2012), Plaintiff here

---

disciplinary history. Such terms are not the kind of language common to memorialized settlements. As such they are new and additional demands that could have been and should have been raised before the parties agreed upon on the essential terms of the agreement.

10

continued to communicate with opposing counsel,[6] did not violate any Court orders that the Court is aware of, and has participated in court-ordered conferences in furtherance of settling this case. See, e.g., id. at *13. While there was a disagreement regarding the terms of the settlement agreement, and whether such an agreement was final, the Court does not find this warrants sanctions.

**V.**

In support of its motion, Defendant filed a redacted version of the settlement agreement. This Court was not provided with an unredacted version, nor was a Motion to Seal ever filed with the Court. The Court finds this a violation of Local Civil Rule 5.3. Local Civil Rule 5.3(d)(2) provides: "Any settlement agreement filed with the Court or incorporated into an order shall, absent an appropriate showing under federal law, be deemed a public record and available for public review." This Court is funded by the public treasury and does not sit to resolve private disputes in secret. There exists a strong public interest in access to court proceedings. This Court will order the filing of a Motion to Seal, in accordance with Local Civil Rule 5.3. Thereafter the Court will determine whether the redactions are appropriate.

---

[6] The Court acknowledges there were gaps in communication and that a response sometimes took several attempts to elicit.

**VI.**

The Court will grant Defendant's Motion and administratively terminate this action.  Defendant will be directed to deposit the settlement amount with the Court.  Upon the filing of a joint notice of a consummated settlement, consistent with this Opinion, by the parties and the necessary papers to dismiss this action under Federal Rule of Civil Procedure 41, the Clerk of the Court will be directed to release the deposited funds to Plaintiff.

An appropriate Order will be entered.


Date: <u>May 14, 2018</u>      <u>s/ Noel L. Hillman</u>
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.